WILLIAM R. MANKOFF, INC., Respondent, *v.* ERIE RAILROAD COMPANY and THE NEW YORK CENTRAL RAILROAD COMPANY, Defendants, ERIE RAILROAD COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1916.)

Carriers — damages — evidence — judgment — actions.
Witness — when witness may use copy to refresh his memory as to contents of a certain paper — evidence.

Although in an action against a carrier for damages to goods while in transit every element of defendant's liability is satisfactorily established, a judgment in favor of plaintiff will be reversed where there is no competent proof of the market value of the goods upon arrival at their destination.

Plaintiff was entitled to recover the difference between the sound value of the goods, which was established, and their market value at the point of destination.

Where a witness testifies to his present recollection of the facts stated in a paper he may use a copy to refresh his

Supreme Court, Appellate Term, November, 1916. [Vol. 97.

memory as to its contents, but if he merely has a present confidence that the paper states facts he once knew the original paper must be produced or its absence accounted for, whether it is desired to put it in evidence or have the witness read its contents into the record.

APPEAL by defendant Erie Railroad Company from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff.

Stetson, Jennings & Russell (Allen S. Hubbard, of counsel), for appellant.

Bernard Gordon, for respondent.

SHEARN, J. Although every element of defendant's liability was satisfactorily established, the judgment will have to be reversed because the plaintiff did not take the trouble to produce competent proof enabling the damages to be admeasured. Plaintiff was entitled to recover the difference between the sound value of the four carloads of onions at the point of shipment in Orange county and the market value of the onions upon arrival at their destination. The sound value was established but no competent proof was adduced showing the market value at destination. As to one carload, the only testimony was that of the president of the plaintiff who, while he attended the sale and heard the prices called off, did not recollect what they were and merely knew what he had received from the party conducting the sale after various deductions had been made. As to the three other cars, a commission merchant who sold the onions was called and testified that he had no recollection of the prices. He was shown a piece of paper and stated that it refreshed his recollection and then testified as to the prices. On

cross-examination he admitted that even after looking at the paper he did not remember the prices but said " I looked at the sales book before I came up and know just exactly what I got." Obviously, the witness had no recollection and what was really received in evidence was a piece of paper claimed to be a duplicate of the figures in the sales book. If a witness at the time of testifying has a present recollection of the facts contained in a paper, he may use a copy to refresh his memory as to its contents; but if he has no present recollection of the facts contained in the paper, but merely has a present confidence that the paper contains facts which he once knew, the original paper must be produced in order to be used to assist the witness in testifying, or its absence must be accounted for; and this is true whether it is desired to introduce the paper in evidence as an exhibit, or have the witness read its contents into the record. *Halsey* v. *Sinsebaugh,* 15 N. Y. 485; *Peck* v. *Valentine,* 94 id. 569.

The position of the appellant is extremely technical, but it is correct and there is no lawful method by which this court can supply the omission in the proof.

GUY and BIJUR, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide event.